ORIGINAL

# In the United States Court of Federal Claims

No. 16-1723C

(Filed: February 1, 2017)

FILED
FEB - 1 2017
U.S. COURT OF
FEDERAL CLAIMS

```
*****************************************
                                        *
RONALD-ROBERT HADDAD,                   *
                                        *
                Plaintiff,              *
                                        *
v.                                      *
                                        *
THE UNITED STATES,                      *
                                        *
                Defendant.              *
                                        *
*****************************************
```

## DISMISSAL ORDER

On December 29, 2016, *pro se* Plaintiff Ronald-Robert Haddad filed in this Court a set of documents purporting to constitute a complaint against the United States. Mr. Haddad alleges that United States Senator Richard J. Durbin "knowingly aided abetted, and suborned the fraud committed by [the Honorable] Virginia M. Kendall" when Senator Durbin informed Mr. Haddad that he lacked the authority to investigate Judge Kendall for fraud. Compl. at 1. Mr. Haddad seeks his immediate release from incarceration, the expungement of all charges, the reinstatement of his F.O.I.D. card and a "tax free" $3,500.00 for each day he was incarcerated. Id.

Because Mr. Haddad is proceeding *pro se*, the Court must liberally construe his pleading to "see if [he has] a cause of action somewhere displayed." Strougter v. United States, 89 Fed. Cl. 755, 760 (2009) (internal citation omitted). The Court takes this duty seriously and has reviewed Mr. Haddad's complaint carefully; however, though the Court has "strained [its] proper role in adversary proceedings to the limit" in searching the complaint, it could identify no plausible cause of action therein. Ruderer v. United States, 412 F.2d 1285, 1292 (Ct. Cl. 1969). The Court finds that any expenditure of governmental resources in preparing a defense to this complaint would be a waste of public funds.

Therefore, pursuant to its inherent authority, the Court *sua sponte* dismisses Mr. Haddad's complaint for failure to state a claim. See, e.g., Rockefeller v. Chu, 471 F. App'x

829, 830 (10th Cir. 2012) ("[A] court may *sua sponte* dismiss a complaint under [Federal] Rule [of Civil Procedure] 12(b)(6) for failure to state a claim if it is patently obvious that the plaintiff could not prevail on the facts alleged, and allowing him an opportunity to amend his complaint would be futile.") (internal quotation omitted); Arbeleaz v. United States, 94 Fed. Cl. 753, 763 (2010) (similar) (citing Constant v. United States, 929 F.2d 654, 657 (Fed. Cir. 1991)); see also Stroughter, 89 Fed. Cl. at 760 ("Although *pro se* plaintiffs are given some leniency in presenting their case, their pro se status does not immunize them from pleading facts upon which a valid claim can rest[.]") (internal citation omitted).

Further, given Mr. Haddad's excessive defective filings in this Court, the Court enjoins Mr. Haddad from filing any new documents without first obtaining the leave of this Court. In seeking leave to file, Mr. Haddad must explain how his filing raises new matters properly before this Court. The Clerk of Court is directed to reject all future complaints and correspondence from Mr. Haddad unless filed by leave of a judge of this Court.

Accordingly, for the foregoing reasons, the Court DISMISSES Plaintiffs' complaint for failure to state a claim upon which relief may be granted. The Clerk is directed to dismiss Plaintiffs' complaint without prejudice.

IT IS SO ORDERED.

*[signature]*
THOMAS C. WHEELER
Judge